# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

JERRY WAYNE JONES,

Debtor.

Case No. A04-00836-DMD

Chapter 13

**Filed On 5/16/06**

## MEMORANDUM REGARDING PRIVILEGE AND JURISDICTION

Mr. Johansen contends evidence regarding his fee agreement with the debtor is privileged. There can be no privilege with respect to a fee agreement mandated for disclosure by the Code. I agree with the cases on privilege cited by the United States Trustee and *Clark v. American Commerce National Bank*.[1] There is no need for elaborate disclosures by the court: the privilege simply doesn't apply here.

Mr. Johansen contends that this court lacks jurisdiction over the fee dispute based on *Sea Hawk Seafoods v. State of Alaska (In re Valdez Fisheries)*.[2] The situation here is different than Sea Hawk. Sea Hawk was a non-core related proceeding involving a dispute about a settlement agreement. Fee disputes are core proceedings. A bankruptcy court retains ancillary jurisdiction to determine an attorney fee dispute even after dismissal of the underlying Chapter 13 case.[3] This court retains jurisdiction over the pending controversy.

DATED: May 16, 2006.

---

[1] 974 F.2d 127 (9th Cir. 1992).

[2] 439 F.3d 545 (9th Cir. 2006).

[3] *Elias v. U.S. Trustee*, 188 F.3d 1160, 1164-1165 (9th Cir. 1999); *Tsafaroff v. Taylor*, 884 F.2d 478, 481 (9th Cir. 1989); *U.S.A. Motel Corp. v. Danning*, 521 F.2d 117 (9th Cir. 1975).

BY THE COURT

 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve: Debtor
       C. Johansen, Esq.
       K. Hill, Esq.
       L. Compton, Trustee

05/16/06